UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PAUL DE VIETIEN,

    Plaintiff,

v.                                  CASE NO.  8:11-CV-2395-T-17AEP

ORVILLE, LLC,

    Defendant.

_____/

ORDER

This cause is before the Court on:

Dkt. 2    Motion to Proceed IFP

Plaintiff Paul De Vietien, proceeding pro se, filed a Complaint asserting that Defendant Orville LLC lured the Purchaser into an unconscionable contract for the purchase of University Oakwoods Apartments, Tampa, Florida, and the financial information furnished by Defendant Orville LLC was fraudulent, making it impossible to secure financing for the property within the original contract period of April 27, 2006 through October 15, 2006.  Plaintiff de Vietien seeks a total judgment of $1,284,000.00, comprised of $428,000.00 for deposit money, appraisal fees and other costs in attempting to secure financing for the property, and punitive damages of $856,000.00 for fraud.   Plaintiff de Vietien attached an incomplete copy of a real estate sale agreement between Orville LLC and Philip Devietien for the purchase of 335 condominium units in Hillsborough County, Florida, for the purchase price of $9,500,000.00.

The Complaint states that "Purchasers lost $428,000 of deposit money" and other costs.  Plaintiff de Vietien cannot assert claims for the losses of any purchaser

Case No. 8:11-CV-2395-T-17AEP

other than himself.   Plaintiff de Vietien does not identify himself as the "Purchaser." Further, the Court takes judicial notice of the decision of the Financial Industry Regulatory Authority, Complaint No. 2006007544401, dated December 28, 2010, which includes a detailed statement of the University Oakwoods transaction, including the fact that Mary Zavala executed a contract to purchase the 355 units on April 25, 2006, the formation of University Oakwoods LLC, and the subsequent offering of membership interests in University Oakwoods LLC.  The National Adjudicatory Council upheld the determination of the Hearing Panel finding that Paul de Vietien participated in private securities transactions and engaged in outside business activities, in violation of FINRA's rules.  Paul de Vietien was suspended for one year, from March 7, 2011 through March 6, 2012, and fined $16,000.

   The Complaint further states that "Financial information furnished by sellers was fraudulent, thereby making it not possible to secure financing for the property within the original contract period of April 27, 2006 through October 15, 2006."  The Court takes this allegation as an attempt to state a claim for fraudulent inducement.  The elements of a claim for fraudulent inducement are: 1) a false statement of material fact; 2) the maker of the false statement knew or should have known of the falsity of the statement; 3) the maker intended that the false statement induce another's reliance and 4) the other party justifiably relied on the false statement to its detriment."  Prieto v. Smook, Inc., 97 So.3d 916, 917 (Fla. 4th DCA 2012).  On the face of the Complaint and its attachment, Plaintiff Paul de Vietien does not have standing to assert Plaintiff's claim, and could not have relied on Defendant's alleged false statement to enter into the contract.   Plaintiff de Vietien is not a party to the agreement Plaintiff attached to the Complaint.

   A district court must dismiss an in forma pauperis complaint at any time if it determines the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted."  28 U.S.C. Sec. 1915(e)(2)(B).  A complaint is "frivolous if it lacks an

Case No. 8:11-CV-2395-T-17AEP

arguable basis in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

     A plaintiff who is proceeding pro se is subject to the Federal Rules of Civil Procedure, and the Local Rules of the Middle District of Florida.  While the Court is mindful that a pro se plaintiff's pleading must be construed liberally, the Court also finds the Complaint fails to comply with the procedural requirements of the Federal Rules of Civil Procedure.  Rule 8(a) requires that a pleading must include a short and plain statement as to the grounds for the Court's jurisdiction.  Rule 10 requires that Plaintiff state his claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Fed. R. Civ. P. 10(b).   The Complaint does not include an allegation of the Court's jurisdiction, is not organized in numbered paragraphs, and does not allege sufficient facts to state a claim.  The Court ordinarily permits a pro se plaintiff to correct procedural deficiencies by filing an amended complaint.  Because Plaintiff is not a party to the Agreement on which Plaintiff is asserting a claim, it would be futile to permit Plaintiff to amend the Complaint.

     After consideration, the Court dismisses the Complaint because it is frivolous, without an arguable basis in law and fact, and denies the Motion to Proceed IFP as moot.  Accordingly, it is

     **ORDERED** that the Complaint is **dismissed** as frivolous, and without leave to file an amended complaint.  The Motion to Proceed IFP is **denied** as moot.  The Clerk of Court shall close this case.

Case No. 8:11-CV-2395-T-17AEP

      **DONE and ORDERED** in Chambers, in Tampa, Florida on this 9th day of January, 2015.

*[Signature]*
ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
All parties and counsel of record